UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| JAMES MYRON MITCHELL and | : | |
| LATISHA SHANA MENIFEE, | : | |
| | : | CASE NO. 1:19-cv-00305 |
| Plaintiffs, | : | |
| v. | : | McDonough/Steger |
| HAMILTON COUNTY GOVERNMENT, | : | JURY DEMAND |
| | : | |
| DEPUTY DANIEL WILKEY, In his capacity as a deputy sheriff for Hamilton County Government and in his individual capacity, | : | |
| | : | |
| DEPUTY BOBBY BREWER, In his capacity as a deputy sheriff for Hamilton County Government and in his individual capacity, | : | |
| | : | |
| Defendants. | | |

## ANSWER OF DEFENDANT DEPUTY BOBBY BREWER

Comes now Deputy Bobby Brewer (hereinafter "Brewer") and for answer to the complaint filed against him would show to the court as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Brewer denies that he deprived the Plaintiffs of any of his or her constitutional rights or that in any way violated Title 42 U.S.C. § 1983 or of the United States Code, the United States

Constitution, the Tennessee Constitution, the common law of Tennessee or any Tennessee statute by performing his duties during his response to a traffic stop at the location of these events.

### THIRD DEFENSE

Brewer specifically asserts that he was acting in good faith and in the good-faith performance of his job and duties for which he is entitled to the defense of qualified immunity or good faith immunity from any of his actions in the reasonable performance of his duties as it relates to this Plaintiffs.

### FOURTH DEFENSE

Brewer asserts that his actions were objectively reasonable in connection with the attempt to respond to back up for a fellow officer at this traffic stop. Brewer denies that he used any excessive force against the Plaintiffs.

### FIFTH DEFENSE

To the extent that any of the Plaintiff's claims can be considered a Tennessee tort law claim, the defendant specifically asserts the defense of comparative negligence. Brewer specifically assert that the Plaintiffs were guilty of comparative fault and that their fault individually constitutes 100% of the fault, thereby barring their claims as a matter of law.

### SIXTH DEFENSE

Brewer would submit that neither Hamilton County nor any official policymaker adopted any policy, custom, or practice as to the use of force or the arrest power with deliberate indifference or malice or sadistic motive contrary to the rights of the Plaintiffs. Further, that no actions by the Hamilton County or any official policymaker was intended to deprive the Plaintiffs of due process of law. Brewer would show that there was no malicious or sadistic action by him, or any officer

and that no action of such officers occurred as a result of any unconstitutional policy, custom, or practice adopted by the Hamilton County.

## SEVENTH DEFENSE

The Defendant named in this lawsuit is entitled to be dismissed from it in his official capacity as any action against him in his official capacity is actually brought against a governmental entity, Hamilton County, which is already named as a Defendant in this lawsuit.

## EIGHTH DEFENSE

In the alternative, Brewer specifically assert all defenses applicable to him under the Tennessee Governmental Tort Liability Act "TGTLA", Tenn. Code Ann. § 29-20-101 *et seq.*, and incorporates by reference herein all defenses specified therein. In particular, Brewer relies upon the following provisions:

A. Tenn. Code Ann. § 29-20-205 set out nine (9) specific exceptions from liability where negligent acts or omissions of any employee occur within the scope of employment, including, but not limited to:

   i. Tenn. Code Ann. § 29-20-205(1): The exercise or performance or the failure to exercise or perform a discretionary function, whether or not the discretion is abused.

   ii. Tenn. Code Ann. § 29-20-205(2): False imprisonment pursuant to a traffic stop, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of privacy, or civil rights.

   iii. Tenn. Code Ann. § 29-20-205(5): The institution or prosecution of any judicial or administrative proceeding, even if malicious or without probable cause.

iv. Tenn. Code Ann. § 29-20-205(6): Misrepresentation by an employee whether or not such is negligent or intentional.

B. Tenn. Code Ann. § 29-20-307 provides for the right to trial without a jury;

C. Tenn. Code Ann. § 29-20-403 limits any liability of governmental entities to the statutory limits of liability applicable as of July 7, 2012.

**NINTH DEFENSE**

Brewer in his official capacities, is immune from liability and not a proper party under the TGTLA for an act or omission for which the immunity of the governmental entity is removed by the TGTLA.

**TENTH DEFENSE**

The Plaintiff's Complaint is barred by the applicable statute of limitations or laches.

**ELEVENTH DEFENSE**

Brewer is presently without information as to the availability or applicability of any other affirmative defenses, in addition to those plead above, and reserves the right to amend his Answer to plead any affirmative defenses or matters of avoidance.

**TWELFTH DEFENSE**

With respect to the specific allegations of the Complaint, Brewer respond as follows:

1. The allegations contained in paragraph 1 are denied.

2. The allegations contained in paragraph 2 do not requires a response from this Defendant.

3. Brewer is without sufficient information and knowledge to form a belief as to the allegations contained in paragraph 3 and therefore denies same.

4. The allegations contained in paragraph 4 are admitted.

5. The allegations contained in paragraph 5 are denied.

6. The allegations contained in paragraph 6 are denied.

7. The allegations contained in paragraph 7 are admitted with regard to jurisdiction. The remaining allegations are denied.

8. Brewer admits that venue exists in this Court over these claims as does the United States District Court. Brewer is without sufficient information as to the allegations in 8 a., and therefore denies same. Brewer denies the allegations as to residency in 8 b. Brewer admits he is an employee of Hamilton County. Brewer admits the allegations in 8 c insofar as the County is a political sub-division of the State of Tennessee.

9. Brewer is without sufficient information or knowledge to form a belief as to the residential information and citizenship of the Plaintiffs and therefore denies same. Brewer admits that the Plaintiffs are entitled to the same protection of the law as any other citizen.

10. With regards to the allegations in paragraph 10, Brewer admits that Hamilton County provides funding for the operation of the Hamilton County Sheriff's Office (hereinafter referred to as HCSO). Brewer admits that the County is a political sub-division of the State of Tennessee. Brewer admits that the HCSO was created by statute by the State of Tennessee. As to the remaining allegations contained in paragraph 10 of the complaint, Brewer is without sufficient information or knowledge to form a belief as to said allegations, and therefore denies same.

11. Brewer denies that the County created the HCSO as it was created by statutes passed by the Tennessee Legislature and the Tennessee Constitution. Brewer admits that the HCSO is a law enforcement agency that is regulated to a degree by the laws of Tennessee. The

remaining allegations contained in paragraph 11 are legal conclusions and do not require a response from Brewer.

12. The allegations in paragraph 12 do not require a response from this Defendant.

13. The allegations contained in paragraph 13 of the complaint are admitted as to Brewer. As to the other Defendants, these allegations do not require a response from Brewer.

14. The allegations contained in paragraph 14 of the complaint are admitted. Further, both Defendants were parked and saw the Plaintiffs drive by.

15. Brewer admits that Wilkey conducted a traffic stop of the Plaintiffs due to a window tint violation. Brewer admits that marijuana could be smelt in his car as he followed the Plaintiffs through his air conditioner system. The remaining allegations contained in paragraph 15 are denied.

16. Brewer is without sufficient information and knowledge to form a belief as to the allegations contained in paragraph 16 of the complaint and therefore denies same.

17. The allegations in paragraph 17 are admitted.

18. The allegations in paragraph 18 are admitted.

19. The allegations in paragraph 19 are admitted. It is further admitted that Wilkey also ordered Mitchell out of the car.

20. Brewer denies that Wilkey forced Latisha out of her vehicle. Brewer admits that Wilkey asked Latisha to step out of her vehicle. Brewer denies the allegation that Wilkey was without lawful justification.

21. The allegations in paragraph 21 are admitted. Brewer patted down Mitchell, felt a bulge in his pants and ask him to remove it. Mitchell admitted it was marijuana and removed it and surrendered it to Brewer.

22. Brewer admits that Latisha was handcuffed, but denies it was without lawful justification as Defendant Mitchell indicated he was in possession of marijuana. Latisha was asked to stand between the two police vehicles for safety purposes. Any remaining allegations not admitted or denied, are hereby denied.

23. The allegations contained in paragraph 23 are admitted.

24. Brewer admits that James advised he had an untreated hernia. Suspects commonly complain of pain when a search gets close to contraband and therefore, it is difficult to determine whether these complaints are real or intended for the purpose of evasion. The remaining allegations in paragraph 24 are denied.

25. The allegations in paragraph 25 are denied.

26. Brewer admits that at some point in the stop Mitchell's pants and shoes were removed to locate the contraband that Mitchell continued to reach in his pants to get. The remaining allegations contained in paragraph 26 are denied.

27. The allegations in paragraph 27 are denied.

28. Brewer admits that James was subject to a pat down due to his admission of being in possession of marijuana. Brewer admits that James had to be restrained during the pat down because he was resisting. James failed to follow orders to not place his hands down his pants. During the pat down Wilkey felt a plastic bag in James' intergluteal cleft area that had originally been taped to the back of James' testicles. The bag contained crack rocks. A needle also fell out of the leg of James' pants. James did not advise that he had additional illegal drugs on his person. Brewer admits that Wilkey put on gloves to remove a plastic bag believed to contain illegal drugs that was visibly protruding form Mitchell's

intergluteal cleft. [1] Brewer denies there was an anal cavity search conducted. The remaining allegations in paragraph 28 are denied.

29. The allegations in paragraph 29 are denied.

30. The allegations contained in paragraph 30 are admitted.

31. Brewer admits that Wilkey removed the handcuffs from Latisha and allowed her to go back to her car. The remaining allegations in paragraph 31 are denied.

32. Brewer admits that Mitchell was taken to jail and charged with several crimes. The remaining allegations contained in paragraph 32 are denied.

33. Brewer is without sufficient information and knowledge to form a belief as to the allegations contained in paragraph 33 and therefor denies same.

34. Brewer denies the allegations contained in paragraph 34.

35. Brewer denies the allegations contained in paragraph 35.

36. Brewer admits the allegations contained in paragraph 36.

37. Brewer is without sufficient information and knowledge to form a belief as to the allegations contained in paragraph 37 of the complaint and therefore denies same.

38. Brewer is without sufficient information and knowledge to form a belief as to the allegations contained in paragraph 38 of the complaint and therefore denies same.

39. Brewer is without sufficient information and knowledge to form a belief as to the allegations contained in paragraph 39 of the complaint and therefore denies same.

40. Brewer is without sufficient information and knowledge to form a belief as to the allegations contained in paragraph 40 of the complaint and therefore denies same.

---

[1] Defined by Steadman's Medical Dictionary as "the groove between the buttocks that runs from just below the sacrum to the perineum".

41. Brewer is without sufficient information and knowledge to form a belief as to the allegations contained in paragraph 41 of the complaint and therefore denies same.

42. Brewer is without sufficient information and knowledge to form a belief as to the allegations contained in paragraph 42 of the complaint and therefore denies same.

43. Brewer is without sufficient information and knowledge to form a belief as to the allegations contained in paragraph 43 of the complaint and therefore denies same.

44. Brewer is without sufficient information and knowledge to form a belief as to the allegations contained in paragraph 44 of the complaint and therefore denies same.

45. Brewer is without sufficient information and knowledge to form a belief as to the allegations contained in paragraph 45 of the complaint and therefore denies same.

46. Brewer is without sufficient information and knowledge to form a belief as to the allegations contained in paragraph 46 of the complaint and therefore denies same.

47. Brewer is without sufficient information and knowledge to form a belief as to the allegations contained in paragraph 47 of the complaint and therefore denies same.

48. Brewer is without sufficient information and knowledge to form a belief as to the allegations contained in paragraph 48 of the complaint and therefore denies same.

49. Brewer is without sufficient information and knowledge to form a belief as to the allegations contained in paragraph 49 of the complaint and therefore denies same.

50. Brewer admits the allegations contained in paragraph 50.

51. Brewer is without sufficient information and knowledge to form a belief as to the allegations contained in paragraph 51 of the complaint and therefore denies same.

52. Brewer is without sufficient information and knowledge to form a belief as to the allegations contained in paragraph 52 of the complaint and therefore denies same.

53. Brewer denies the allegation in paragraph 53 of the complaint as it requires a legal conclusion.

54. Brewer denies the allegations contained in paragraph 54.

55. Brewer admits a recording of part of the arrest of Toney was videotaped. The remaining allegations contained in paragraph 55 are denied.

56. Brewer denies the allegations contained in paragraph 56.

57. Brewer is without sufficient information and knowledge to form a belief as to the allegations contained in paragraph 57 of the complaint and therefore denies same.

58. Brewer is without sufficient information and knowledge to form a belief as to the allegations contained in paragraph 58 of the complaint and therefore denies same.

59. Brewer is without sufficient information and knowledge to form a belief as to the allegations contained in paragraph 59 of the complaint and therefore denies same.

60. Brewer is without sufficient information and knowledge to form a belief as to the allegations contained in paragraph 60 of the complaint and therefore denies same.

61. Brewer admits the allegation in paragraph 61 of the complaint.

62. Brewer is without sufficient information and knowledge to form a belief as to these allegations contained in paragraph 62 of the complaint and therefore denies same.

63. Brewer denies the allegations contained in paragraph 63.

64. Brewer is without sufficient information and knowledge to form a belief as to the allegations contained in paragraph 64 of the complaint and therefore denies same.

65. Brewer denies the allegations contained in paragraph 65.

66. Brewer refers to his answers to those paragraphs and incorporates them as if stated fully herein.

67. Brewer admits that he has a duty not to use excessive force and to prevent violations of the law committed in his presence if possible. The remaining allegations in paragraph 67 of the complaint are denied.

68. Brewer admits that he has a duty to report misconduct to his chain of command. The remaining allegations in paragraph 68 of the complaint are denied.

69. Brewer denies the allegations in paragraph 69 of the complaint.

70. Brewer denies the allegations contained in paragraph 70 of the complaint.

71. Brewer admits that force was used as to Mitchell by both he and Wilkey. The remaining allegations in paragraph 71 of the complaint are denied.

72. Brewer denies the allegations in paragraph 72 of the complaint.

73. Brewer denies the allegations contained in paragraph 73.

74. Brewer denies the allegations contained in paragraph 74.

75. Brewer denies the allegations contained in paragraph 75.

76. Brewer denies the allegations contained in paragraph 76.

77. Brewer denies the allegations contained in paragraph 77.

78. Brewer denies the allegations in paragraph 78 of the complaint.

79. Brewer denies the allegations contained in paragraph 79.

80. Brewer denies the allegations contained in paragraph 80.

81. Brewer admits he acted under color of law during the stop and arrest of Mitchell. The remaining allegations in paragraph 81 are denied.

82. This paragraph does not require a response.

83. Brewer refers to his answers to those paragraphs and incorporates them as if stated fully herein.

84. Brewer admits that it is an officer's duty to intervene if excessive force is being used against a detainee. Brewer denies the use of excessive force with Mitchell. All remaining allegations in paragraph 84 are denied.

85. Brewer admits that he has a duty to report misconduct of other officers to his chain of command. The remaining allegations in paragraph 85 of the complaint are denied.

86. The allegations contained in paragraph 86 of the complaint are vague, and therefore denied.

87. Brewer admits there is a duty to protect Mitchell from injury from another officer and to report any misconduct of an officer to the chain of command the remaining allegations contained in paragraph 87 are denied.

88. Brewer is unsure as to how a law enforcement officer can prevent mental anguish and therefore denies that he can do that in all circumstances. Brewer admits there is a duty to protect detainees from another officer's misconduct where possible and to report any misconduct to the chain of command. The remaining allegations contained in paragraph 88 are denied.

89. Brewer admits that the County has a responsibility to properly train its officers. As to the remaining allegations contained in paragraph 89, Brewer is without sufficient information and knowledge to form a belief as to said allegations and therefore denies same.

90. The allegations contained in paragraph 90 are denied.

91. The allegations contained in paragraph 91 are denied.

92. Brewer denies the allegations contained in paragraph 92.

93. Brewer denies the allegations contained in paragraph 93.

94. Brewer denies the allegations contained in paragraph 94.

95. Brewer denies the allegations contained in paragraph 95.

96. Brewer denies the allegations contained in paragraph 96.

97. Brewer denies the allegations contained in paragraph 97.

98. Brewer denies the allegations contained in paragraph 98.

99. Brewer denies the allegations contained in paragraph 99.

100. Brewer admits that he was acting under color of law during the traffic stop and arrest this case is based on. The remaining allegations contained in paragraph 100 are denied.

101. The allegations in paragraph 101 do not require a response.

102. Brewer refers to his answers to those paragraphs and incorporates them as if stated fully herein.

103. Brewer admits that he has a duty as a law enforcement officer not to arrest any citizen, including the Plaintiff, without probable cause. The remaining allegations contained in paragraph 103 are denied.

104. Brewer denies the allegations in paragraph 104. T.C.A. § 55-9-107 defines what window tint is legal and it provides that the burden is on the offender to prove the window tint complies with Tennessee law. Brewer recalls the smelling marijuana as he as he rode behind the Plaintiffs vehicle and as he approached the vehicle after it was stopped. All other allegations in paragraph 104 are denied.

105. Brewer denies the allegations contained in paragraph 105.

106. Brewer denies the allegations contained in paragraph 106.

107. Brewer denies the allegations contained in paragraph 107.

108. Brewer denies the allegations contained in paragraph 108.

109. Brewer denies the allegations contained in paragraph 109.

110. The allegations contained in paragraph 110 are denied.

111. The allegations contained in the paragraph marked 112 are denied. [2]

112. The allegations contained in the paragraph marked 113 are denied.

113. Brewer admits he acted under color of law during the traffic stop and arrest which is the basis of this case. The remaining allegations contained in the paragraph marked 114 are denied.

114. The allegations in the paragraph marked 115 do not require a response.

115. Brewer refers to his answers to those paragraphs and incorporates them as if stated fully herein.

116. Brewer admits that he has a duty as a law enforcement officer not to strip search or body cavity search a citizen except where probable cause exists. Brewer denies that James was strip searched and was subjected to a cavity search during the traffic stop that forms the basis of this suit. Any remaining allegations in the paragraph 117 are denied.

117. Brewer denies the allegations contained in the paragraph marked 118.

118. Brewer denies the allegations contained in the paragraph marked 119.

119. Brewer denies the allegations contained in the paragraph marked 120.

120. Brewer denies the allegations contained in the paragraph marked 121.

121. Brewer denies the allegations contained in the paragraph marked 122.

122. Brewer denies the allegations contained in the paragraph marked 123.

123. Brewer denies the allegations contained in the paragraph marked 124.

---

[2] There is not a paragraph marked 111.

124. Brewer denies the allegations contained in the paragraph marked 125.

125. Brewer denies the allegations contained in the paragraph marked 126.

126. Brewer admits he acted under the color of law during the traffic stop and arrest in this case. The remaining allegations contained in the paragraph marked 127 are denied.

127. The allegations in the paragraph marked 128 do not require a response.

128. Brewer refers to his answers to those paragraphs and incorporates them as if stated fully herein.

129. Brewer admits that law enforcement officers have a duty not to make false criminal charges against citizens including the Plaintiffs. The remaining allegations contained in the paragraph marked 130 are denied.

130. The allegations in the paragraph marked 131 are denied.

131. The allegations in the paragraph marked 132 are denied.

132. The allegations contained in the paragraph marked 133 are denied.

133. Brewer denies the allegations contained in the paragraph marked 134.

134. Brewer denies the allegations contained in the paragraph marked 135.

135. Brewer denies the allegations contained in the paragraph marked 136.

136. Brewer denies the allegations contained in the paragraph marked 137.

137. Brewer denies the allegations contained in the paragraph marked 138.

138. Brewer denies the allegations contained in the paragraph marked 139.

139. Brewer admits that he acted under the color of the law in the traffic stop and arrest in this case. The remaining allegations in the paragraph marked 140 are denied.

140. The allegations in the paragraph marked 141 do not require a response.

141. Brewer refers to his answers to those paragraphs and incorporates them as if stated fully herein.

142. Brewer admits that all citizens of the United States enjoy the rights of the Fourteenth Amendment of the United States Constitution and are to be free from malicious prosecution and not to be deprived of property without due process of law. Any remaining allegations in the paragraph marked 143 are denied.

143. The allegations contained in paragraph 144 are denied.

144. Brewer denies the allegations contained in the paragraph marked 145.

145. Brewer denies the allegations contained in the paragraph marked 146.

146. Brewer denies the allegations contained in the paragraph marked 147.

147. Brewer denies the allegations contained in the paragraph marked 148.

148. The allegations in the paragraph marked 149 are denied.

149. Brewer denies the allegations contained in the paragraph marked 150.

150. The allegations in the paragraph marked 152 are denied. [3]

151. Brewer admits he acted under the color of the law in the traffic stop and arrest in this case. The remaining allegations in the paragraph marked 153 are denied.

152. The allegations contained in paragraph 154 do not require a response.

153. Brewer refers to his answers to those paragraphs and incorporates them as if stated fully herein.

154. Brewer admits that he acted under the color of the law in the traffic stop and arrest in this case. All remaining allegations in the paragraph marked 156 are denied.

155. The allegations in the paragraph marked 157 are admitted.

---

[3] There is no paragraph 151.

156. Brewer admits the prohibitions in the Tennessee Constitution. All other allegations in the paragraph marked 158 are denied.

157. Brewer denies the allegations contained in the paragraph marked 159.

158. Brewer admits the County has a duty to properly supervise, discipline and train its deputies. Further, Brewer admits that the County trains its officers to report the misconduct of other officers up their chain of command. All other allegations in the paragraph marked 160 are denied.

159. The allegations in the paragraph marked 161 are denied.

160. The allegations contained in the paragraph marked 162 do not require a response from Brewer.

161. Brewer refers to his answers to those paragraphs and incorporates them as if stated fully herein.

162. The allegations contained in the paragraph marked 164 are denied.

163. The allegations contained in the paragraph marked 165 are denied.

164. The allegations contained in the paragraph marked 166 do not require a response.

165. Brewer refers to his answers to those paragraphs and incorporates them as if stated fully herein.

166. The allegations contained in the paragraph marked 168 are denied.

167. The allegations contained in the paragraph marked 169 are denied.

168. The allegations contained in the paragraph marked 170 do not require a response.

169. Brewer refers to his answers to those paragraphs and incorporates them as if stated fully herein.

170. The allegations contained in the paragraph marked 172 are so vague that they are denied.

171. The allegations contained in the paragraph marked 173 are denied.

172. The allegations contained in the paragraph marked 174 are denied.

173. The allegations contained in the paragraph marked 175 are denied.

174. The allegations contained in the paragraph marked 176 do not require a response.

175. Brewer refers to his answers to those paragraphs and incorporates them as if stated fully herein.

176. Brewer admits that Wilkey had a duty as a law enforcement officer to refrain from making false criminal charges. The remaining allegations in the paragraph marked 178 are denied.

177. The allegations contained in the paragraph marked 179 are denied.

178. The allegations contained in the paragraph marked 180 are admitted.

179. The allegations contained in the paragraph marked 181 do not require a response.

Brewer denies all the allegations contained in the Prayer for Relief marked A through H and denies that this Plaintiff is entitled to any damages, relief or judgment in any form or for any reason. Now having fully answered the complaint filed against him, Brewer requests this case be dismissed with his costs. In the alternative, the Defendant demands a jury be empaneled to try the issues when joined.

Respectfully submitted,

**TIDWELL AND ASSOCIATES**

*/s/ W. Gerald Tidwell, Jr.*
**W. Gerald Tidwell, Jr., BPR# 10136**
P.O. Box 4369
1810 McCallie Avenue
Chattanooga, TN 37404
T: 423.602.7511
wgt@tidwellandassociates.com
*Attorneys for Defendant Bobby Brewer*