## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

JAMES MYRON MITCHELL and     :
LATISHA SHANA MENIFEE,     :
    :
    Plaintiffs,     :
    :     DOCKET NO. 1:19-cv-00305-TRM-CHS
v.     :
    :
HAMILTON COUNTY GOVERNMENT,     :     **JURY DEMAND**
    :
DEPUTY DANIEL WILKEY, in his capacity   :
as a deputy sheriff for Hamilton County     :
Government and, in his individual capacity,   :
    :
DEPUTY BOBBY BREWER, in his capacity   :
as a deputy sheriff for Hamilton County     :
Government and, in his individual capacity,   :
    :
    Defendants.     :

## ANSWER TO COMPLAINT

**COMES NOW** Deputy Daniel Wilkey, by and through undersigned counsel and hereby responds to the Plaintiffs' Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

1.    In response to the allegations of Paragraph 1 of the Plaintiffs' Complaint, no response is required, as it is simply a paragraph detailing the relief sought. To the extent a response is required, the allegations contained therein are denied.

2.    In response to the allegations of Paragraph 2, the allegations are not directed at this Defendant and therefore, no response is necessary. To the extent a response is required, this allegation is admitted.

3. The allegations of Paragraph 3 of the Plaintiffs' Complaint are admitted. However, Defendant denies any negligence, misconduct, or intentional acts as alleged by the Plaintiffs.

4. In response to the allegations of Paragraph 4, the allegations are not directed at this Defendant and therefore, no response is necessary. To the extent a response is required, this allegation is admitted.

5. The allegations of Paragraph 5 of the Plaintiffs' Complaint are denied, and strict proof is demanded.

6. The allegations of Paragraph 6 of the Plaintiffs' Complaint are denied, and strict proof is demanded.

7. In response to the allegations of Paragraph 7, it is admitted that this is a Section 1983 action and that this Court has jurisdiction to hear the claims. All other allegations are denied.

8. In response to the allegations of Paragraph 8 (a) – (c), the Defendants admit that venue is proper in this Court. However, it is denied Deputy Wilkey is a resident of Hamilton County. He is a resident of Rhea County. It is further admitted that the County is a political subdivision of the State. The remaining allegations are denied.

9. In Response to the allegations of Paragraph 9, it is believed upon information and belief, that the Plaintiffs are residents and citizens of the State of Tennessee. With regard to the allegations of equal protection under the law, it is admitted that all citizens of the United States are entitled to equal protection of the law.

10. In response to the allegations of Paragraph 10 (a) – (b), these allegations are not directed at this Defendant and therefore, no response is necessary. To the extent a response is

required, Deputy Wilkey was hired by Hamilton County and has no further knowledge of any of the allegations contained therein. All other allegations are denied.

11. In response to the allegations of Paragraph 11 (a) – (d), these allegations are not directed at this Defendant and therefore, no response is necessary. To the extent a response is required, this allegation is admitted. However, any allegation of wrongdoing by this Defendant is denied.

12. The allegations of Paragraph 12 of the Plaintiffs' Complaint are admitted.

13. In response to the allegations of Paragraph 13 and subparts (a), (b) and (c), the Defendant responds as follows:

The allegations of Paragraph 13 are admitted.

In response to subpart (a), the allegations are admitted, but any claims of negligence or intentional misconduct are denied.

In response to subpart (b), the allegations are admitted, but any claims of negligence or intentional misconduct are denied.

In response to subpart (c), the allegations are admitted, but any claims of negligence or intentional misconduct are denied.

14. The allegations of Paragraph 14 of Plaintiffs' Complaint are admitted.

15. In response to the allegation of Paragraph 15, the allegations are denied as stated. The Plaintiffs were guilty of a window tint violation and the smell of marijuana was very prevalent from the vehicle. In fact, Plaintiff Mitchell admitted that he had been smoking marijuana in the vehicle immediately before being pulled over. All other allegations are denied.

16. In response to the allegations of Paragraph 16, the allegations are denied.

17. In response to the allegations of Paragraph 17, the allegations are admitted.

18.     In response to the allegations of Paragraph 18, the allegations are admitted.

19.     In response to the allegations of Paragraph 19, the allegations are admitted.

20.     In response to the allegations of Paragraph 20, the allegations are denied as stated. However, Deputy Wilkey did request that Ms. Menifee exit the vehicle.

21.     In response to the allegations of Paragraph 21, the allegations are admitted. However, Mr. Mitchell concealed the fact that he was in possession of other narcotics and drug paraphernalia.

22.     In response to the allegations of Paragraph 22, it is admitted that Wilkey did handcuff Ms. Menifee and had her stand between her vehicle and the police vehicle. It is however denied that Deputy Wilkey was without lawful justification as the parties had admitted that they had drugs in the vehicle. All other allegations are denied.

23.     In response to the allegations of Paragraph 23, the allegations are admitted.

24.     In response to the allegations of Paragraph 24, the allegations are denied and strict proof is demanded. The video of the incident speaks for itself and demonstrates a combative and uncooperative Defendant Mitchell not complying with lawful commands so he could be safely searched.

25.     In response to the allegations of Paragraph 25, the allegations are denied.

26.     In response to the allegations of Paragraph 26, the allegations are denied.

27.     In response to the allegations of Paragraph 27, the allegations are denied.

28.     In response to the allegations of Paragraph 28, the allegations are denied.

29.     In response to the allegations of Paragraph 29, the allegations are denied.

30.     In response to the allegations of Paragraph 30, the allegations are admitted.

31.     In response to the allegations of Paragraph 31, Deputy Wilkey removed the handcuffs from Ms. Menifee as she was not under arrest. He did issue her a citation for a window tint violation. The remaining allegations are denied and false, and strict proof is demanded.

32.     In response to the allegations of Paragraph 32, it is admitted that Wilkey transported Mr. Mitchell to the Hamilton County Jail and charged him with numerous crimes. The allegation concerning the unlawful seizure of cash from Mr. Mitchell is denied.

33.     In response to the allegations of Paragraph 33, it is admitted that Mr. Mitchell did post bond. However, the Defendant is without the requisite knowledge to admit or deny whether the Plaintiff received medical attention, and therefore denies the same.

34.     In response to the allegations of Paragraph 34, the allegations are denied and strict proof is demanded.

35.     In response to the allegations of Paragraph 35, the allegations are denied and strict proof is demanded.

36.     In response to the allegations of Paragraph 36, it is admitted that the Hamilton County District Attorney dismissed the charges against the Plaintiffs. However, the Defendant is without the requisite knowledge to either admit or deny whether conditions were made, or a deal was made between the Plaintiffs and Hamilton County District Attorney for later testimony. Therefore, the remaining allegations are denied.

37.     In response to the allegations of Paragraph 37, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

38.     In response to the allegations of Paragraph 38, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

39.     In response to the allegations of Paragraph 39, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

40.     In response to the allegations of Paragraph 40, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

41.     In response to the allegations of Paragraph 41, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

42.     In response to the allegations of Paragraph 42, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

43.     In response to the allegations of Paragraph 43, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations

contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

44. In response to the allegations of Paragraph 44, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

45. In response to the allegations of Paragraph 45, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

46. In response to the allegations of Paragraph 46, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

47. In response to the allegations of Paragraph 47, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

48. In response to the allegations of Paragraph 48, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

49.     In response to the allegations of Paragraph 49, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

50.     In response to the allegations of Paragraph 50, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

51.     In response to the allegations of Paragraph 51, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

52.     In response to the allegations of Paragraph 52, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

53.     In response to the allegations of Paragraph 53, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

54.     In response to the allegations of Paragraph 54, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations

contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

55. In response to the allegations of Paragraph 55, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

56. In response to the allegations of Paragraph 56, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

57. In response to the allegations of Paragraph 57, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

58. In response to the allegations of Paragraph 58, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

59. In response to the allegations of Paragraph 59, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

60. In response to the allegations of Paragraph 60, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

61. In response to the allegations of Paragraph 61, the allegations are admitted.

62. In response to the allegations of Paragraph 62, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

63. In response to the allegations of Paragraph 63, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

64. In response to the allegations of Paragraph 64, the allegations are denied, as there was nothing questionable about Deputy Wilkey's defense of himself and shooting a man in the line of duty who was posing a threat to Deputy Wilkey and to innocent citizens at a hospital.

65. In response to the allegations of Paragraph 65 these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

66. In response to Paragraph 66, this is a restatement paragraph and the Defendant therefore reincorporates his previous responses, though no response is requested.

67.     In response to the allegations of Paragraph 67, the allegations are denied as stated as force was used. But the force was not excessive as Plaintiff Mitchell failed to obey lawful commands. All other allegations are denied.

68.     In response to the allegations of Paragraph 68, the allegations are denied as stated as there was no misconduct.

69.     In response to the allegations of Paragraph 69, the allegations are denied.

70.     In response to the allegations of Paragraph 70, the allegations are denied.

71.     In response to the allegations of Paragraph 71, the allegations are denied. However, it is admitted force was used as Plaintiff Mitchell was non-compliant.

72.     In response to the allegations of Paragraph 72, the allegations are denied.

73.     In response to the allegations of Paragraph 73, the allegations are denied.

74.     In response to the allegations of Paragraph 74, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

75.     In response to the allegations of Paragraph 75, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

76.     In response to the allegations of Paragraph 76, the allegations are denied.

77.     In response to the allegations of Paragraph 77, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations

contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

78. In response to the allegations of Paragraph 78, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

79. In response to the allegations of Paragraph 79, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

80. In response to the allegations of Paragraph 80, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

81. In response to the allegations of Paragraph 81, it is admitted that this Defendant acted under color of law in the performance of his duties. However, the remaining allegations of this paragraph are denied, and strict proof is demanded.

82. In response to the allegations of Paragraph 82, this paragraph indicates who the Plaintiffs are suing, and therefore, no response is necessary. To the extent a response is necessary, Defendant Wilkey denies any negligence or wrongdoing in the performance of his duties.

83. In response to Paragraph 83, this is a restatement paragraph and the Defendant therefore reincorporates his previous responses, though no response is requested.

84.     In response to the allegations of Paragraph 84, the allegations are denied as stated as there was no excessive force.

85.     In response to the allegations of Paragraph 85, the allegations are denied as stated as there was no misconduct.

86.     In response to the allegations of Paragraph 86, the allegations are denied.

87.     In response to the allegations of Paragraph 87, the allegations are denied as stated as there was no misconduct and Wilkey did not inflict injury on the Plaintiff.

88.     In response to the allegations of Paragraph 88, the allegations are denied as stated.

89.     In response to the allegations of Paragraph 89, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied as stated as the officers were appropriately trained.

90.     In response to the allegations of Paragraph 90, the allegations are denied as stated.

91.     In response to the allegations of Paragraph 91, the allegations are denied as stated.

92.     In response to the allegations of Paragraph 92, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

93.     In response to the allegations of Paragraph 93, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

94. In response to the allegations of Paragraph 94, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

95. In response to the allegations of Paragraph 95, the allegations are denied.

96. In response to the allegations of Paragraph 96, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

97. In response to the allegations of Paragraph 97, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

98. In response to the allegations of Paragraph 98, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

99. In response to the allegations of Paragraph 99, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

100. In response to the allegations of Paragraph 100, it is admitted that Deputy Wilkey acted under the color of law. However, all remaining allegations contained in this paragraph are denied as stated.

101. In response to the allegations of Paragraph 101, this paragraph indicates who the Plaintiffs are suing, and therefore, no response is necessary. To the extent a response is necessary, Defendant Wilkey denies any negligence or wrongdoing in the performance of his duties.

102. In response to Paragraph 102, this is a restatement paragraph and the Defendant therefore reincorporates his previous responses, though no response is requested.

103. In response to the allegations of Paragraph 103, the allegations are denied as stated, as the Plaintiffs admitted to having drugs in the car.

104. In response to the allegations of Paragraph 104, the allegations are denied.

105. In response to the allegations of Paragraph 105, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

106. In response to the allegations of Paragraph 106, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

107. In response to the allegations of Paragraph 107, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations

contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

108. In response to the allegations of Paragraph 108, the allegations are denied.

109. In response to the allegations of Paragraph 109, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

110. In response to the allegations of Paragraph 110, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

111. There is no Paragraph 111.

112. In response to the allegations of Paragraph 112, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

113. In response to the allegations of Paragraph 113, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

114. In response to the allegations of Paragraph 114, it is admitted that Deputy Wilkey acted under the color of law. However, all remaining allegations contained in this paragraph are denied.

115.     In response to the allegations of Paragraph 115, this paragraph indicates who the Plaintiffs are suing, and therefore, no response is necessary.   To the extent a response is necessary, Defendant Wilkey denies any negligence or wrongdoing in the performance of his duties.

116.     In response to Paragraph 116, this is a restatement paragraph and the Defendant therefore reincorporates his previous responses, though no response is requested.

117.     In response to the allegations of Paragraph 117, the allegations are denied as none of the acts complained ever happened.

118.     In response to the allegations of Paragraph 118, the allegations are denied and strict proof is demanded thereof.  Defendant Mitchell has not alleged the elements of rape in this matter, and such is completely without basis and false.

119.     In response to the allegations of Paragraph 119, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

120.     In response to the allegations of Paragraph 120, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

121.     In response to the allegations of Paragraph 121, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

122.     In response to the allegations of Paragraph 122, the allegations are denied.

123.     In response to the allegations of Paragraph 123, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

124.     In response to the allegations of Paragraph 124, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

125.     In response to the allegations of Paragraph 125, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

126.     In response to the allegations of Paragraph 126, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

127.     In response to the allegations of Paragraph 127, it is admitted that Deputy Wilkey acted under the color of law. However, all remaining allegations contained in this paragraph are denied as stated.

128.     In response to the allegations of Paragraph 128, this paragraph indicates who the Plaintiffs are suing, and therefore, no response is necessary. To the extent a response is

necessary, Defendant Wilkey denies any negligence or wrongdoing in the performance of his duties.

129.    In response to Paragraph 129, this is a restatement paragraph and the Defendant therefore reincorporates his previous responses, though no response is requested.

130.    In response to the allegations of Paragraph 130, the allegations are denied as the Plaintiffs admitted to possessing drugs and paraphernalia and resisted arrest.

131.    In response to the allegations of Paragraph 131, the allegations are denied.

132.    In response to the allegations of Paragraph 132, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

133.    In response to the allegations of Paragraph 133, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

134.    In response to the allegations of Paragraph 134, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

135.    In response to the allegations of Paragraph 135, the allegations are denied.

136.    In response to the allegations of Paragraph 136, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations

contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

137. In response to the allegations of Paragraph 137, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

138. In response to the allegations of Paragraph 138, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

139. In response to the allegations of Paragraph 139, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

140. In response to the allegations of Paragraph 140, it is admitted that Deputy Wilkey acted under the color of law. However, all remaining allegations contained in this paragraph are denied as stated and any negligence or wrongdoing is denied.

141. In response to the allegations of Paragraph 141, this paragraph indicates who the Plaintiffs are suing, and therefore, no response is necessary. To the extent a response is necessary, Defendant Wilkey denies any negligence or wrongdoing in the performance of his duties.

142. In response to Paragraph 142, this is a restatement paragraph and the Defendant therefore reincorporates his previous responses, though no response is requested.

143.     In response to the allegations of Paragraph 143, the allegations are admitted as they relate to the Constitution and the 14th Amendment, but any deprivation of those rights alleged against Wilkey are denied and strict proof demanded.

144.     In response to the allegations of Paragraph 144, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

145.     In response to the allegations of Paragraph 145, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

146.     In response to the allegations of Paragraph 146, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

147.     In response to the allegations of Paragraph 147, the allegations are denied.

148.     In response to the allegations of Paragraph 148, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

149.     In response to the allegations of Paragraph 149, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations

contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

150. In response to the allegations of Paragraph 150, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

151. There is no Paragraph 151.

152. In response to the allegations of Paragraph 152, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

153. In response to the allegations of Paragraph 153, it is admitted that Deputy Wilkey acted under the color of law. However, all remaining allegations contained in this paragraph are denied as he denies any negligence or wrongdoing.

154. In response to the allegations of Paragraph 154, this paragraph indicates who the Plaintiffs are suing, and therefore, no response is necessary. To the extent a response is necessary, Defendant Wilkey denies any negligence or wrongdoing in the performance of his duties.

155. In response to Paragraph 155, this is a restatement paragraph and the Defendant therefore reincorporates his previous responses, though no response is requested.

156. In response to the allegations of Paragraph 156 of the Plaintiffs' Complaint, the Defendant admits that at the times averred in this Complaint, he was acting under the color of law and under his office as a Hamilton County Deputy Sheriff. However, the Defendant

adamantly denies any wrongdoing, negligence or any type of civil rights violations as alleged anywhere in this Complaint.

157. In response to the allegations of Paragraph 157 of the Complaint, this is a recitation of law which must be proven by preponderance of the evidence. Therefore, no response is necessary, but to the extent a response is required, it is admitted.

158. In response to the allegations of Paragraph 158, the recitation of Constitution is accurate. All other allegations are denied.

159. In response to the allegations of Paragraph 159, the allegations are denied.

160. In response to the allegations of Paragraph 160, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

161. In response to the allegations of Paragraph 161, these allegations are directed at the County and this Defendant does not have any independent knowledge of the allegations contained therein. Therefore, no response is necessary. To the extent a response is required, the allegations are denied.

162. In response to the allegations of Paragraph 162, this paragraph indicates who the Plaintiffs are suing, and therefore, no response is necessary. To the extent a response is necessary, Defendant Wilkey denies any negligence or wrongdoing in the performance of his duties.

163. In response to Paragraph 163, this is a restatement paragraph and the Defendant therefore reincorporates his previous responses, though no response is requested.

164. In response to the allegations of Paragraph 164, the allegations are denied.

165.     In response to the allegations of Paragraph 165, the allegations are denied.

166.     In response to the allegations of Paragraph 166, this paragraph indicates who the Plaintiffs are suing and therefore no response is necessary. To the extent a response is necessary, Defendant Wilkey denies any negligence or wrongdoing in the performance of his duties.

167.     In response to Paragraph 167, this is a restatement paragraph and the Defendant therefore reincorporates his previous responses, though no response is requested.

168.     In response to the allegations of Paragraph 168, the allegations are denied.

169.     In response to the allegations of Paragraph 169, the allegations are denied.

170.     In response to the allegations of Paragraph 170, this paragraph indicates who the Plaintiffs are suing, and therefore, no response is necessary. To the extent a response is necessary, Defendant Wilkey denies any negligence or wrongdoing in the performance of his duties.

171.     In response to Paragraph 171, this is a restatement paragraph and the Defendant therefore reincorporates his previous responses, though no response is requested.

172.     In response to the allegations of Paragraph 172, the allegations are denied.

173.     In response to the allegations of Paragraph 173, the allegations are denied.

174.     In response to the allegations of Paragraph 174, the allegations are denied.

175.     In response to the allegations of Paragraph 175, the allegations are denied.

176.     In response to the allegations of Paragraph 176, this paragraph indicates who the Plaintiffs are suing, and therefore, no response is necessary. To the extent a response is necessary, Defendant Wilkey denies any negligence or wrongdoing in the performance of his duties.

177. In response to Paragraph 177, this is a restatement paragraph and the Defendant therefore reincorporates his previous responses, though no response is requested.

178. In response to the allegations of Paragraph 178, the allegations are denied. Plaintiff Mitchell had a large quantity of drugs on his person and resisted the deputies trying to search him.

179. In response to the allegations of Paragraph 179, the allegations are denied.

180. In response to the allegations of Paragraph 180, it is admitted that the State of Tennessee dismissed the charges against the Plaintiffs in this matter. However, the Defendant is without the requisite knowledge to either admit or deny whether special conditions, or an agreement was reached between the Plaintiffs and the Hamilton County District Attorney's Office for later testimony. To the extent a response is required, the allegation is denied.

181. In response to the allegations of Paragraph 181, this paragraph indicates who the Plaintiffs are suing, and therefore, no response is necessary. To the extent a response is necessary, Defendant Wilkey denies any negligence or wrongdoing in the performance of his duties.

182. The paragraph beginning "Wherefore" and subparts A - H are believed to be the Plaintiffs' prayer for relief and the Defendant denies that the Plaintiffs are entitled to any element of the requested prayer for relief.

183. Anything not admitted or explained or otherwise responded to is now denied as if separately set forth.

### AFFIRMATIVE DEFENSES
### THIRD DEFENSE

184. To the extent that any state law claims are alleged in the Complaint, all such claims of the Plaintiffs are governed by the Tennessee Governmental Tort Liability Act, T.C.A. §

29-20-101, *et seq.*, ("GTLA"), and Wilkey is entitled to all defenses, immunities, and protections of said Act.

## FOURTH DEFENSE

185.     Wilkey cannot be held liable for any damages claimed by Plaintiffs on the grounds that the injury sustained by the Plaintiffs was not directly related to any unconstitutional action or practice on the part of Wilkey.

## FIFTH DEFENSE

186.     Wilkey further states that, relative to the Plaintiffs' claims under GTLA, a jury trial is not permissible.

## SIXTH DEFENSE

187.     Wilkey acted at all times in accordance with common law, statutory law, and constitutional obligations without any actual intent to cause the Plaintiffs harm.

## SEVENTH DEFENSE

188.     Wilkey's liability for punitive damages, if any, which is denied, is limited by the Due Process Clause of the United States Constitution.

## EIGHTH DEFENSE

189.     The Plaintiffs' claims fail to rise to the level of constitutional violations sufficient to state a claim pursuant to 42. U.S.C. § 1983 ("Section 1983").

## NINTH DEFENSE

190.     Wilkey was not deliberately indifferent.

## TENTH DEFENSE

191.     To the extent that the Plaintiffs raise a claim pursuant to the provisions of the Tennessee Constitution, Tennessee does not recognize a private cause of action for violations of the Tennessee Constitution.

## ELEVENTH DEFENSE

192.     Wilkey did not have the mental state of criminal recklessness, so as to constitute deliberate indifference with regard to the Plaintiffs.

## TWELFTH DEFENSE

193.     Wilkey asserts an intent to seek attorney fees and costs of this litigation as to federal claims made against him as a prevailing party, pursuant to Fed. R. Civ. P. 54.

## THIRTEENTH DEFENSE

194.     Wilkey further asserts an intent to seek attorneys' fees and costs as to state law claims made against him as a prevailing party, having been sued in his individual capacity for actions taken in his official capacity and under color of law, pursuant to Tennessee Code Annotated § 29-20-113(a).

## FOURTEENTH DEFENSE

195.     Wilkey asserts the defenses of sovereign immunity and the Doctrine of Qualified Immunity to the fullest extent allowed by law which should act as a complete bar to any liability. As this was an action taken in furtherance of his duties which required a quick decision under exigent circumstances to assess the danger posed by the Plaintiffs, qualified immunity should attach as his actions arose to the level of what a reasonable officer would have done.

## FIFTEENTH DEFENSE

196.     This Defendant raises the defense of the Plaintiffs' own Comparative Fault as the Plaintiffs were non-compliant with the orders of the officers and were found in possession of drugs.  As the officers had not yet had an opportunity to conduct a complete search of the Plaintiffs, Wilkey was unsure whether Plaintiffs were a threat to himself, other officers, or the general public.  Plaintiff Mitchell had a large quantity of narcotics and paraphernalia on his

person and would not allow a lawful search. His active resistance led to his injuries, if any. The Plaintiffs' own fault should be considered in this matter.

## SIXTEENTH DEFENSE

197.    Plaintiffs were not deprived of any constitutionally protected life, liberty, or property interest without due process of law, nor did this Defendant violate Plaintiffs' rights under any provision of or amendments to the United States Constitution, any other United States laws, any provisions of or amendments to the Tennessee Constitution, or any other Tennessee laws.

## SEVENTEENTH DEFENSE

198.    To the extent as may be shown by the evidence through discovery, this Defendant asserts the affirmative defenses of statute of limitations, laches, estoppel, assumption of the risk, contributory/comparative negligence, failure of Plaintiffs to exercise ordinary care for their own safety, failure to avoid consequences, and failure to mitigate damages. Plaintiff Mitchell resisted a lawful search and arrest.

## EIGHTEENTH DEFENSE

199.    Plaintiffs' injuries and damages, if any, resulted from the voluntary and intentional conduct of Plaintiffs and not from any conduct of this Defendant or those over whom this Defendant had any control.

## NINETEETH DEFENSE

200.    Plaintiffs' injuries and damages, if any, were caused by the deliberate, criminal conduct of Plaintiffs, and such criminal conduct supersedes any and all negligence of liability, if any, on the part of this Defendant.

## TWENTIETH DEFENSE

201.    At all times relevant, Wilkey acted in good faith within the course and scope of his employment and under color of law as a police officer and followed department policy.

## TWENTY-FIRST DEFENSE

202.    The Defendant's actions were objectively reasonable based on the facts known to him at the time and did not violate the Plaintiffs' constitutional rights. Moreover, none of the actions of the Defendant, in his individual capacity, violated any statutory or common laws of the State of Tennessee.

## TWENTY-SECOND DEFENSE

203.    The Plaintiffs failed to personally serve the Defendant individually with the Complaint and process and only left a copy with the Sheriff's Department. Such is improper service and this matter should be dismissed with costs levied against the Plaintiffs.

## TWENTY-THIRD DEFENSE

204.    Wilkey is presently without information as to the availability or applicability of any other affirmative defenses, in addition to those pled above, and reserves the right to amend his Answer to hereinafter plead any affirmative defenses or matters of avoidance available under Fed. R. Civ. P. 8.

## TWENTY-FOURTH DEFENSE

205.    Defendant expressly reserves the right to amend this Answer pursuant to the Federal Rules of Civil Procedure and as justice so requires to add, amend or withdraw additional defenses as the facts surrounding the occurrences described in the Plaintiffs' Complaint are developed during discovery and investigation.

**WHEREFORE**, premises considered, Deputy Daniel Wilkey respectfully requests that this Court dismiss the claims of the Plaintiffs and assess all costs against the Plaintiffs.

Respectfully submitted,

CHAMBLISS, BAHNER & STOPHEL, P.C.

By: /s/ *James F. Exum III*
    James Exum  (BPR No. 025377)
    Logan C. Threadgill (BPR No. 034470)
Liberty Tower
605 Chestnut Street, Suite 1700
Chattanooga, TN  37450
Telephone: (423) 756-3000
Facsimile: (423) 265-9574

*Attorneys For Defendant Deputy Daniel Wilkey*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing *Answer to Complaint* with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

Dated this 19th day of February, 2020.

*/s/ James F. Exum III*
James Exum