UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| **JAMES MYRON MITCHELL,** *et al* ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:19-cv-00305-PLR-CHS |
| vs. ) | |
| ) | Reeves/Steger |
| **HAMILTON COUNTY GOVERNMENT,** *et al*, ) | |
| ) | |
| Defendants. ) | |

## ANSWER OF HAMILTON COUNTY

Hamilton County Government ("Hamilton County" or "the County"), shows the following in Answer to the Complaint (Doc. 1-1) against it:

**INTRODUCTION:**

1. Paragraphs 1 and 2 of the Complaint are admitted as to the Plaintiff bringing this action. All allegations of wrongdoing by the County, however, are denied.

2. Paragraphs 3 and 4 of the Complaint are admitted to the extent that the Deputies were employed by the Hamilton County Sheriff's Office ("HCSO") on the date in question. Without the aid of discovery, however, Hamilton County can neither admit nor deny whether the individual officers acted in the course and scope of their duties relative to this incident, and strict proof is demanded. All allegations of wrongdoing by the County, however, are denied.

3. Paragraph 5 of the Complaint is denied.

4. Without the aid of discovery, Hamilton County can neither admit nor deny the allegations contained in Paragraph 6 of the Complaint. All allegations of wrongdoing by the County, however, are denied.

5. Paragraph 7 of the Complaint are admitted as to the action which was therefore removed to this Court on November 28, 2018. (Doc. 1).

6. Without the aid of discovery, Hamilton County can neither admit nor deny Paragraph 8a of the Complaint, and strict proof is demanded; Paragraph 8b is denied as to the residences of the individual Defendants, but is admitted as to their employment with the Hamilton County Sheriff's Office; and Paragraph 8c is admitted.

7. The allegations contained in Paragraph 9 of the Complaint are admitted upon information and belief as to the Plaintiff's race; however, Hamilton County denies any violation of the Plaintiffs' equal protection rights. .

8. Paragraphs 10a and 10b of the Complaint are admitted in part and denied in part. It is admitted that Hamilton County provides funding for the HCSO. It is denied, however, that Hamilton County provides rules and regulations for the operation of the HCSO or that it provides oversight as to hiring, training, discipline or retention of HCSO personnel.

9. Paragraph 11 of the Complaint is denied as stated. The Hamilton County Sheriff's Office is created by statutes enacted by the Tennessee legislature, and not Hamilton County, Tennessee. Paragraphs 11a through 11d of the Complaint are legal conclusions to which no response is required. All allegations of wrongdoing as to the County, however, are denied.

10. Paragraphs 12 and 13 of the Complaint are admitted as to employment of the individual Defendants and nature of the suit. Without the aid of discovery, however, Hamilton County can neither admit nor deny whether the individual officers acted in the course and scope of their duties relative to this incident, and strict proof is demanded. All allegations of wrongdoing by the County, however, are denied.

**FACTUAL BASIS:**

**Individual Defendants:**

11. Without the aid of discovery, Hamilton County can neither admit nor deny the allegations contained in Paragraphs 14 through 36 of the Complaint, and strict proof is demanded. All allegations of wrongdoing by the County, however, are denied.

**County**:

12. Paragraphs 37 through 41 of the Complaint contain conclusory allegations previously made in a completely unrelated matter, and to which Hamilton County and/or other defendants appropriately responded through individual answers to a complaint; therefore, no response is required here. Further, the allegations are either mischaracterizations of events or are simply incorrect statements, which were, and are presently denied.

13. Paragraphs 42 through 49 of the Complaint contain conclusory allegations previously made in a completely unrelated matter, and to which Hamilton County and/or other defendants appropriately responded through individual answers to a complaint; therefore, no response is required here. Further, the allegations are either mischaracterizations of events or are simply incorrect statements which were, and are presently denied. Additionally, criminal

prosecutions are handled by the State of Tennessee over which Hamilton County has no control. In further response, similar to the use of force at issue in this complaint which resulted from the Plaintiff's failure to comply with law enforcement commands, Hendrix' death occurred as the result of his failure to comply with law enforcement commands.

14. Paragraphs 50 through 60 of the Complaint contain conclusory allegations based upon newspaper accounts which are incomplete, which requires no response. The matter is currently under investigation by outside agencies, and the deputy involved has yet to have the benefit of the completion of any investigation(s), much less the benefit of due process.

15. Paragraph 61 of the Complaint is admitted.

16. Paragraph 62 of the Complaint is admitted; however, the Plaintiffs have taken the statement out of context. Further, the remarks were made on or about January 14, 2012, to the Brainerd Kiwanis Club, regarding dealing with gangs. At the same meeting, he further mentioned the need to prevent young people from getting into gangs in the first place.

17. Paragraph 63 of the Complaint is admitted. Any statement regarding Blake Kilpatrick is unrelated to this matter. The statements made by Sheriff Hammond at the press conference scheduled by District Attorney General Neal Pinkston were made based on the information in his possession at that time. The Sheriff further stated that an Internal Affairs investigation was being conducted, and that he was committed to the transparency and accountability of the Sheriff's Office and its personnel.

18. Paragraph 64 of the Complaint of the Complaint contains conclusory allegations previously made in a completely unrelated matter while Wilkey was employed by a different

law enforcement agency. That matter was resolved by both a Rhea County Sheriff's Office Internal Affairs investigation finding that Deputy Wilkey had not violated any policies or procedures and findings by the Tennessee Bureau of Investigation that exonerated Deputy Wilkey.

19. Paragraph 65 of the Complaint is denied.

20. No response is required of Hamilton County to Paragraphs 66 through 72 of the Complaint. Any alleged wrongdoing on the part of the County, however, is denied.

21. Paragraphs 73 through 82 of the Complaint are denied.

22. No response is required of Hamilton County to Paragraphs 84 through 88 of the Complaint. Any alleged wrongdoing by the County, however, is denied.

23. Paragraph 89 of the Complaint contains a legal conclusion to which no response is required. Any alleged wrongdoing by the County, however, is denied.

24. No response is required of Hamilton County to Paragraph 90 of the Complaint. Any alleged wrongdoing by the County, however, is denied.

25. Paragraph 91 of the Complaint contains conclusory allegations to which no response is required. Any alleged wrongdoing by the County, however, is denied.

26. Paragraphs 92 through 101 of the Complaint are denied.

27. No response is required of Hamilton County to Paragraphs 102 through 104 of the Complaint. Any alleged wrongdoing by the County, however, is denied.

28. Paragraphs 105 through 115 of the Complaint are denied.

29. No response is required of Hamilton County to Paragraphs 116 through 118 of the Complaint. Any alleged wrongdoing by the County, however, is denied.

30. Paragraphs 119 through 128 of the Complaint are denied.

31. No response is required of Hamilton County to Paragraphs 129 through 131 of the Complaint. Any alleged wrongdoing by the County, however, is denied.

32. Paragraphs 132 through 141 of the Complaint are denied.

33. No response is required of Hamilton County to Paragraph 142 of the Complaint. Any alleged wrongdoing by the County, however, is denied.

34. Paragraph 143 of states a legal conclusion to which no response is required of Hamilton County. Any alleged wrongdoing by the County, however, is denied.

35. Paragraphs 144 through 154 of the Complaint are denied.

36. No response is required of Hamilton County to Paragraph 155 of the Complaint. Any alleged wrongdoing by the County, however, is denied.

37. In response to Paragraph 156 of the Complaint, without the aid of discovery, Hamilton County can neither admit nor deny whether the individual officers acted in the course and scope of their duties relative to this incident, and strict proof is demanded. Any alleged wrongdoing by the County, however, is denied.

38. Paragraphs 157 and 158 of the Complaint contain legal conclusions to which no response is required of Hamilton County. Any alleged wrongdoing by the County, however, is denied.

39. Without the aid of discovery, Hamilton County can neither admit nor deny the allegations contain in Paragraph 159 of the Complaint, and strict proof is demand. Any alleged wrongdoing by the County, however, is denied.

40. Paragraph 160 of the Complaint is a legal conclusion to which no response is required of Hamilton County. Any alleged wrongdoing by the County, however, is denied.

41. Paragraphs 161 and 162 of the Complaint are denied.

42. No response is required of Hamilton County to Paragraphs 163 through 181 of the Complaint. Any alleged wrongdoing by the County, however, is denied.

43. Hamilton County denies that it violated the Plaintiffs' constitutional rights as alleged in Paragraph A of the Demand portion of the Complaint and further deny that the Plaintiffs are entitled to any damages from it.

44. Any allegation in the Complaint not hereinabove admitted, denied or otherwise controverted is hereby denied.

**AFFIRMATIVE DEFENSES**

45. The Complaint fails to state a claim and/or cause of action against Hamilton County upon which relief can be granted.

46. To the extent that any state law claims are alleged in the Complaint, all such claims of the Plaintiffs are governed by the Tennessee Governmental Tort Liability Act, T.C.A. § 29-20-101, *et seq.*, ("GTLA") and Hamilton County is entitled to all defenses, immunities, and protections of said Act.

47. Hamilton County cannot be held liable for any damages claimed by the Plaintiff on the grounds that the injury sustained by the Plaintiff was not proximately caused by or directly related to any unconstitutional practice on the part of the County.

48. Hamilton County states that the Plaintiffs' actions constitute comparative fault, which either entirely bars recovery from Hamilton County or reduces any recovery against the County commensurate with the comparative fault of the Plaintiffs.

49. Hamilton County further states that, relative to the Plaintiff's claims under GTLA, a jury trial is not applicable.

50. Hamilton County acted at all times in accordance with common law, statutory law, and constitutional obligations without any actual intent to cause the Plaintiffs harm.

51. Hamilton County's liability for punitive damages, if any, which is denied, is limited by the Due Process Clause of the United States Constitution.

52. The Plaintiffs' claims fail to rise to the level of constitutional violations sufficient to state a claim pursuant to 42 U.S.C. § 1983 ("Section 1983").

53. The Plaintiffs' claims brought against Hamilton County pursuant to Section 1983 fail to state a claim upon which relief can be granted on a *respondeat superior* theory of liability.

54. Hamilton County was not deliberately indifferent.

55. To the extent that the Plaintiffs raise a claim pursuant to the provisions of the Tennessee Constitution, Tennessee does not recognize a private cause of action for violations of the Tennessee Constitution.

56. Without conceding any liability, which Hamilton County expressly denies, Hamilton County asserts a set off against Plaintiff James Myron Mitchell of unpaid filing fees and daily jail charges of $1,432.35, as determined by the Hamilton County Criminal Court Clerk's Office as of December 10, 2019, which remain unpaid.

57. Without conceding any liability, which Hamilton County expressly denies, Hamilton County asserts a set off against Plaintiff Latisha Shana Menifee (aka Coonrod) of unpaid filing fees and daily jail charges of $4,384.22, as determined by the Hamilton County Criminal Court Clerk's Office as of December 10, 2019, which remain unpaid.

58. Hamilton County asserts an intent to seek attorney fees and costs of litigation as to federal claims made against it by James Myron Mitchell and Latisha Shana Menifee as a prevailing party pursuant to *F.R.Civ.P.* 54.

59. Hamilton County is presently without information as to the availability or applicability of any other affirmative defenses, in addition to those plead above, and reserve the right to amend its Answer to plead any affirmative defenses or matters of avoidance.

Wherefore, having fully answered, Hamilton County prays that it be dismissed with costs assessed against the Plaintiffs.

HAMILTON COUNTY ATTORNEY'S OFFICE

By: *s/Sharon M. Milling*
R. Dee Hobbs, BPR No. 10482
Sharon McMullan Milling, BPR No. 36876
625 Georgia Avenue, Suite 204
Chattanooga, TN 37402
Phone/Fax: 423-209-6150/6151

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 21st day of February, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

                                                                   *s/ Sharon M. Milling*