UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| SHANDLE MARIE RILEY, | : | |
| Plaintiff, | : | DOCKET NO. 1:19-cv-00304-TRM-CHS |
| v. | : | |
| HAMILTON COUNTY GOVERNMENT, | : | **JURY DEMAND** |
| | : | |
| DEPUTY DANIEL WILKEY, in his capacity as a deputy sheriff for Hamilton County Government and, in his individual capacity, | : | **CONSOLIDATED**<br>1:19-CV-198<br>1:19-CV-305<br>1:19-CV-329 |
| | : | 1:19-CV-348 |
| DEPUTY JACOB GOFORTH, in his capacity as a deputy sheriff for Hamilton County Government and, in his individual capacity, | : | 1:19-CV-16<br>1:19-CV-17<br>1:19-CV-19 |
| Defendants. | : | 1:19-CV-20<br>1:20-CV-44 |

| | | |
|---|---|---|
| JAMES MYRON MITCHELL and LATISHA SHANA MENIFEE, | : | |
| Plaintiffs, | : | DOCKET NO. 1:19-cv-00305-TRM-CHS |
| v. | : | |
| HAMILTON COUNTY GOVERNMENT, | : | **JURY DEMAND** |
| DEPUTY DANIEL WILKEY, in his capacity as a deputy sheriff for Hamilton County Government and, in his individual capacity, | : | |
| DEPUTY BOBBY BREWER, in his capacity as a deputy sheriff for Hamilton County Government and, in his individual capacity, | : | |
| Defendants. | : | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND ANSWER

**COMES NOW** Defendant Daniel Wilkey (hereinafter "Wilkey") pursuant to Fed. R. Civ. P. 15(a)(2) and provides this Memorandum in Support of his Motion to file an Amended Answer to the Complaint altering the responses to Paragraphs 26, 28, 33 and adding the Twenty-Second Affirmative Defense.

The following amended paragraphs numbered above, would read as follows:

26. In response to the allegations of Paragraph 26, it is admitted that Plaintiff's pants and shoes came off during the scuffle between the parties. Any allegation regarding beating or intentional misconduct by Deputy Wilkey is denied. All remaining allegations are denied.

28. In response to the allegations of Paragraph 28, it is admitted that Wilkey put on a set of gloves to search Plaintiff around his waist area. All remaining allegations of this paragraph are denied and strict proof is demanded.

33. In response to the allegations of Paragraph 33, it is admitted that Plaintiff posted bond and did seek medical care. However, it is disputed, and therefore denied, the results and findings of that medical care.

## TWENTY-SECOND DEFENSE

203. Any injury suffered or alleged to have been suffered by Plaintiffs in this matter were the direct result of pre-existing medical conditions and were not the result of any actions taken by Defendant Wilkey in this matter. Such medical conditions would therefore relieve Defendant Wilkey of any liability for any alleged injury suffered by Plaintiffs in this matter.

## LAW AND ARGUMENT

In support of this Motion, Defendant Wilkey would demonstrate to the Court that at the time of his Answer (Doc. 26) information regarding Mr. Mitchell's medical status was unknown to Defendant Wilkey. As discovery has now progressed, the Defendant has become aware of certain medical treatment received by Plaintiff.

Furthermore, the wide camera angle of another vehicle has now been reviewed by counsel for the Defendant and Defendant is able to state that the pants and shoes of the Plaintiff

did come off during the scuffle between the parties. Additionally, Deputy Wilkey did put on a set of gloves to search around the waist area of the Plaintiff. This point should have been admitted originally, but in error was not. It was contained in a paragraph of other allegations which were denied.

Finally, the inclusion of the additional affirmative defense is to ensure that Deputy Wilkey is covered in the event that Deputy Wilkey learns that Plaintiff had underlying medical issues that would explain his alleged injuries in this matter. After reviewing the medical records of Plaintiff, it appears he has a long medical history, which will be explored throughout this litigation.

Deputy Wilkey believes that these amendments under Federal Rule of Civil Procedure 15(a)(2) are appropriate given the number of lawsuits that he is facing and the number of allegations that he is facing. The Complaint in this matter – alone was 181 paragraphs. As opposing counsel would not agree to these amendments, this Court should grant leave "when justice so requires". The Courts look at whether there has been undue delay, bad faith or dilatory motive in seeking amendments. Leary v. Daeschner, 349 F.3d 888, 905 (6th Cir. 2003). Moreover, "[a] request under Rule 15(a) is subject to the requirements of [Fed. R. Civ. P.] 7(b), which states a motion 'shall state with particularity the grounds for seeking the order.'" Travelers Cas. & Sur. v. Pascarella, 2011 U.S. Dist. LEXIS 87696, at *6-7 (E.D. Tenn. 2011).

Deputy Wilkey sets forth, particularly, the paragraphs which he seeks to amend and the affirmative defense he requests to add. Moreover, this is Deputy Wilkey's first request for this relief.

Deputy Wilkey further argues, that given the course of discovery, as it relates to medical records of Plaintiff, that he did receive medical treatment and as such, it should now be pled that it is possible that there was an underlying condition which resulted in the Plaintiff's alleged

injuries. It should also be noted that Deputy Wilkey now has a wide angle view of the incident on the ground and his actions and can admit that the Plaintiff's pants and shoes came off during the scuffle between the parties. These amendments help clarify some of the disputed issues in this matter as Deputy Wilkey confirms further details of the encounter with Plaintiff Mitchell.

In conclusion, Deputy Wilkey respectfully requests that this Court allow the amendment of his Answer due to discovery of additional facts.

> Respectfully submitted,
>
> CHAMBLISS, BAHNER & STOPHEL, P.C.
>
> By: */s/ James F. Exum III*
> James Exum (BPR No. 025377)
> Liberty Tower
> 605 Chestnut Street, Suite 1700
> Chattanooga, TN 37450
> Telephone: (423) 756-3000
> Facsimile: (423) 265-9574
>
> *Attorneys For Defendant Deputy Daniel Wilkey*

# CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

Dated this 26th day of June, 2020.

/s/ James F. Exum III
James Exum